## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

SKYE A. WOODS,

      Plaintiff,

                            **Case No. 2:23-cv-4089**

    v.                      **Judge James L. Graham**

                            **Magistrate Judge Elizabeth P. Deavers**

KRISTINE RUMER, *et al.*,

      Defendants.

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court for an initial screen of Plaintiff's Amended Complaint (Am. Compl., ECF No. 41) under 28 U.S.C. §§ 1915(e)(2), and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.

The Court previously conducted an initial screen of Plaintiff's Complaint and permitted Plaintiff to proceed.  (ECF No. 5.)  In her Complaint, Plaintiff alleged that Defendants Kristine E. Rumer and Annette Chambers-Smith violated Plaintiff's constitutional rights by failing to provide Plaintiff with hormone replacement therapy and sex reassignment surgery to treat Plaintiff's condition of gender dysphoria.  (ECF No. 1-2, at PageID 24–25.)

In Plaintiff's Amended Complaint, she adds a third defendant, Aradhana Gill, several claims, and factual allegations regarding a third denial of treatment.  (Am. Compl. at PageID 283–86.)  Plaintiff generally alleges that Defendants Rumer and Gill violated Plaintiff's constitutional rights and Ohio Revised Code § 5120.051 by failing to provide Plaintiff with

hormone replacement therapy and sex reassignment surgery to treat Plaintiff's condition of gender dysphoria. (*Id.*) Plaintiff asserts that Defendant Rumer violated 42 U.S.C. § 12132 by denying her second request for treatment based on her intellectual disability. (*Id.* at PageID 285.) Plaintiff alleges that the Ohio Department of Rehabilitation and Correction Policy 69-OCH-07 is unconstitutional and contends that only Defendant Chambers-Smith can change the policy. (*Id.* at PageID 286.) Plaintiff seeks compensatory and nominal damages from all Defendants and seeks "a legal Injunction [sic] requesting the policy 69-OCH-07 to be changed to better allow for treatment and to prevent future injustice to the plaintiff and other transgender inmates."[1] (*Id.*)

Having performed the initial screen, the Court **RECOMMENDS** that at this juncture, Plaintiff may **PROCEED** with her claims **EXCEPT** for her claim against Defendant Chambers-Smith for monetary damages. Even construing Plaintiff's Amended Complaint liberally,[2] it appears that Plaintiff only sues Defendant Chambers-Smith in her official capacity. "Claims for monetary damages against state officials sued in their official capacities are barred by the Eleventh Amendment to the United States Constitution." *Hill v. Chambers-Smith*, No. 2:22-CV-3742, 2023 WL 4686587, at *4 (S.D. Ohio July 21, 2023) (citing *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018)), report and recommendation adopted, No. 2:22-CV-3742, 2023 WL 6049867 (S.D. Ohio Sept. 15, 2023). The Undersigned expresses no opinion on the merits of Plaintiff's claims at this time. The Undersigned also **RECOMMENDS** that Defendants' Motion to Dismiss (ECF No. 26) be **DENIED as moot**.

_____

[1] Plaintiff also appears to request, without providing justification, a reimbursement of all court costs and fees that she has paid. (Am. Compl. at PageID 286.) This request is **DENIED**.
[2] *See Heath v. Baldauf*, No. 2:22-CV-1186, 2022 WL 1607956, at *2 (S.D. Ohio May 20, 2022) ("A complaint filed by a *pro se* plaintiff must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within 14 days, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date:  December 4, 2024                    /s/ *Elizabeth A. Preston Deavers*
                                                           ELIZABETH A. PRESTON DEAVERS
                                                           UNITED STATES MAGISTRATE JUDGE