IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SKYE A. WOODS,**

    **Plaintiff,**

v.

**KRISTINE RUMER,** *et al.***,**

    **Defendants.**

Case No. 2:23-cv-4089
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Rumer and Chambers-Smith and Interested Party State of Ohio's ("Defendants") Motion to Dismiss Amended Complaint (Mot., ECF No. 60) and Supplemental Motion to Dismiss Amended Complaint (Supp. Mot., ECF No. 64). Plaintiff only filed a Response to the Motion to Dismiss. (Resp., ECF No. 61.) Defendants filed a Reply. (Reply, ECF No. 62.) This matter is ripe for judicial review. For the following reasons, the Undersigned **RECOMMENDS** that the Court **GRANT in part** Defendants' Motions to Dismiss. (ECF No. 61, 64.)

**I.    BACKGROUND**

On December 12, 2023, Plaintiff initiated this suit. (ECF No. 1.) At that time, Plaintiff was incarcerated in Chillicothe Correctional Institution. (*Id.*) On June 12, 2024, Plaintiff was released from incarceration. (ECF Nos. 17, 28.) In her Amended Complaint, Plaintiff alleges that Defendants violated her Eighth and Fourteenth Amendment rights by denying her hormone therapy as treatment for her gender dysphoria ("GD").[1] (Am. Compl., ECF No. 41.) Plaintiff

---

[1] The Court performed an initial screen of the Amended Complaint and permitted Plaintiff to move forward with her claims except for her claim against Defendant Chambers-Smith for monetary damages. (ECF Nos. 54, 55.)

further asserts that Defendants Rumer and Gill violated 42 U.S.C. § 2000dd(a)(d) and Ohio Revised Code § 5120.051 by denying her hormone therapy referrals, and Defendant Rumer violated 42 U.S.C. § 12132 by denying her second referral for hormone therapy based on Plaintiff's intellectual disability. (*Id.* at PageID 284–86.) Plaintiff also alleges that Ohio Department of Rehabilitation and Correction policy 69-OHC-07 ("Policy") "is unconstitutional because it allows institutional staff including the defendants Kristine E. Rumer And Aradhana Gill to violate the 8th Amendment of the United States Constitution by denying People Medical care including the plaintiff . . . ." (*Id.* at PageID 283 (as in original).)

Plaintiff attaches twenty-one Exhibits to her Amended Complaint, including the denial letters and portions of her medical records. (ECF Nos. 41-1, 41-21.) The Undersigned summarizes the relevant portions of Plaintiff's medical records and will provide more detail as necessary below. *See Hicks v. Smith*, No. 3:17-CV-251, 2018 WL 11446636, at *3 (W.D. Ky. July 23, 2018) ("[I]n evaluating a motion to dismiss, the Court 'may consider the complaint and any exhibits attached thereto.'") (citing *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016)).

Plaintiff's medical records reflect that she began receiving mental health treatment as early as October 31, 2018, and from March 1, 2022, to April 5, 2023, received consistent care for general mental health and her desire to transition genders. (ECF Nos. 41-6, 41-7, 41-8, 41-9, 41-10, 41-11.)

On April 10, 2023, Defendant Rumer denied Plaintiff's referral for hormone treatment, noting the decision was based on "diagnostic clarification, further assessment and education/counseling." Defendant Rumer further explained that the treatment team had not adequately demonstrated that Plaintiff met all diagnostic criteria for GD. (ECF No. 41-8, 41-12.) On November 9, 2023, Defendant Rumer denied Plaintiff's second referral for hormone

2

treatment, noting the decision was based on "concerns about your understanding of the effects of hormone treatment, expected side effects, risks, and future implications." (ECF No. 41-2.) On March 15, 2024, Defendant Gill denied Plaintiff's third referral for hormone treatment, explaining that "the treatment team has not adequately demonstrated that all diagnostic criteria required for gender dysphoria has been met, no psychological contraindications exist and that pretreatment counseling has been completed." (ECF No. 41-18.)

Defendants move to dismiss Plaintiff's Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. at PageID 461; Supp. Mot. at PageID 503.)

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Rule 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (internal citations omitted).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Of note, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz–Craft Corp of Mich., Inc.*, 491 F. App'x. 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

The Undersigned concludes that Plaintiff fails to state any federal claim upon which relief may be granted. As an initial matter, Defendants are correct that Plaintiff's claims for monetary damages against Defendants Rumer and Gill in their official capacities are barred by the Eleventh Amendment to the United States Constitution. "Claims for monetary damages against state officials sued in their official capacities are barred by the Eleventh Amendment to the United States Constitution." *Hill v. Chambers-Smith*, No. 2:22-CV-3742, 2023 WL 4686587, at *4 (S.D. Ohio July 21, 2023) (citing *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018)), *report and recommendation adopted*, No. 2:22-CV-3742, 2023 WL 6049867 (S.D. Ohio Sept. 15,

4

2023). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants Rumer and Gill. The Undersigned now turns to Plaintiff's remaining claims against Defendants in their individual capacities.

### A. Constitutional Violation Claims

42 U.S.C. § 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under § 1983, a plaintiff must allege "(1) [a] deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). The Undersigned addresses each alleged violation below.[2]

#### a. Eighth Amendment Deliberate Indifference Claim

The Undersigned concludes that Plaintiff fails to state a claim upon which relief may be granted on her Eighth Amendment deliberate indifference claim. It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his or her] serious medical needs." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quotations and citation omitted). "A deliberate indifference claim has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citation omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.

---

[2] As explained in Section III.A.a–b, Plaintiff fails to plausibly plead a deprivation of her constitutional rights. Accordingly, the Undersigned need not discuss whether the alleged violations were "caused by a person acting under color of state law." *Hunt*, 542 F.3d at 534 (citation omitted).

5

> 2004)]. The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). The Sixth Circuit has also noted the following in the context of deliberate indifference claims:

> We distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). Along similar lines, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs, Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010). Rather, the Sixth Circuit considers the subjective component to be satisfied where a defendant recklessly disregards a substantial risk to a plaintiff's health. *Parsons v. Caruso*, 491 F. App'x 597, 603 (6th Cir. 2012).

Plaintiff alleges that Defendants Rumer and Gill were deliberately indifferent to her serious medical need by denying her medical care. (Am. Compl. at PageID 283–84.) Defendants argue that Plaintiff's Eighth Amendment claims should be dismissed for failure to state a claim upon which relief may be granted and contend that Plaintiff alleges an inadequate medical treatment claim, not a complete denial of care claim. (Mot. at PageID 465–70.) In her Response, Plaintiff confirms that she is asserting an inadequate treatment claim. (Resp. at PageID 479.) Defendants reiterate their Motion arguments in their Reply. (Reply, at PageID 492–94.)

6

As set forth above, the deliberate-indifference test has both objective and subjective elements. In *Phillips v. Tangilag*, the Court of Appeals for the Sixth Circuit addressed the objective element at length in a manner particularly relevant here. 14 F.4th 524, 534–35 (6th Cir. 2021). In doing so, the court determined that an inmate could not "rely on his serious medical needs alone to establish the objective element of his deliberate-indifference claim" where the "undisputed evidence" showed that he "received extensive care." *Phillips*, 14 F.4th at 536 (citation omitted). Rather, the Sixth Circuit held that, because the plaintiff's claim "challenge[d] the adequacy of this undisputed care, he must show that the doctors provided grossly incompetent treatment." *Id.* The court explained its reasoning in this way:

> To prove this objectively serious harm in the health context, prisoners must first establish that they have "serious medical needs." *Estelle* [*v. Gamble*], 429 U.S. [97] at 106, 97 S. Ct. 285 [(1976)]. They can do so, for example, by showing that a doctor has diagnosed a condition as requiring treatment or that the prisoner has an obvious problem that any layperson would agree necessitates care. *See Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013). A serious medical need alone can satisfy this objective element if doctors effectively provide no care for it. *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).
>
> More frequently, doctors provide some care and prisoners challenge their treatment choices as inadequate. To establish the objective element in this common situation, prisoners must show more. *See Anthony v. Swanson*, 701 F. App'x 460, 463–64 (6th Cir. 2017); *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013). Objectively speaking, this care qualifies as "cruel and unusual" only if it is "so grossly incompetent" or so grossly "inadequate" as to "shock the conscience" or "be intolerable to fundamental fairness." *Rhinehart*, 894 F.3d at 737 (quoting *Miller v. Calhoun County*, 408 F.3d 803, 819 (6th Cir. 2005)). Ordinary individuals outside a prison's walls and inmates within those walls both face a risk that their doctors will perform incompetently. . . . But mere malpractice does not violate the Eighth Amendment. *See Estelle*, 429 U.S. at 106, 97 S.Ct. 285. Only grossly or woefully inadequate care—not just care that falls below a professional standard—can be called "cruel and unusual." *See Rhinehart*, 894 F.3d at 737; *Jones v. Muskegon County*, 625 F.3d 935, 945–46 (6th Cir. 2010); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *Hixson v. Moran*, 1 F.4th 297, 303 (4th Cir.

>  2021); *Hoffer v. Sec'y, Fla. Dep't of Corrs.*, 973 F.3d 1263, 1271
>  (11th Cir. 2020). . . .

*Phillips,* 14 F.4th 524, 534–35.

The Undersigned finds that Plaintiff fails to plausibly plead the objective element. While courts recognize GD as a serious medical condition, Plaintiff cannot rely on it alone. *Phillips*, 14 F.4th at 536 (citing *Anthony*, 701 F. App'x at 463–64). This is so because Plaintiff objects to the adequacy of the treatment she received and does not contend that she received utterly no treatment. (Resp. at PageID 479.) Plaintiff, therefore, must show that the treatment she received was "grossly or woefully inadequate." *Phillips,* 14 F.4th at 535. *See also Couns. v. Millette*, No. 2:16-CV-48, 2016 WL 3049320, at *3 (W.D. Mich. May 31, 2016) (A plaintiff "must show that [her] treatment was 'so woefully inadequate as to amount to no treatment at all.'") (quoting *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013)). Plaintiff does not plausibly allege that either Defendant Rumer or Gill provided her with such grossly inadequate or incompetent treatment as to shock the conscience.[3] In contrast, Plaintiff's Amended Complaint and accompanying Exhibits demonstrate that she was evaluated for hormone therapy each time she requested that her mental health liaison submit a referral and was receiving consistent mental health treatment. (Am. Compl. at PageID 283; ECF Nos. 41-2, 41-6, 41-7, 41-8, 41-9, 41-10, 41-11, 41-12, 41-18.) Though Plaintiff thought that hormone therapy was

---

[3] The Undersigned notes Plaintiff's allegation that Defendants Rumer and Gill's failure to provide her with hormone therapy caused her to attempt to commit suicide after the first two denials, as shown in her mental health records. (Am. Compl. at PageID 283.) This allegation, however, is contradicted by those mental health records. "When a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (quotation and citation omitted). Her records reflect that on September 29, 2022, she reported to a healthcare provider that she had thoughts of suicide, pressed a razor to her arm, but made no attempt to cut herself. (ECF No. 41-6, at PageID 302.) This occurred approximately six and a half months before she received the first denial.

necessary, Defendants Rumer and Gill determined that it was not. The Undersigned will not second-guess the professionals' medical judgment. *Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted).

In sum, Plaintiff's Amended Complaint alleges her disagreement with medical professionals as to the necessity of hormone therapy to treat her GD, not a plausible claim for deliberate indifference. Again, "differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim." *Miller v. Stevenson*, No. 1:18-CV-702, 2018 WL 3722164, at *5 (W.D. Mich. Aug. 6, 2018) (citing *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995)). "This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering." *Couns.*, 2016 WL 3049320, at *3 (citing *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997)).

As such, the Undersigned need not consider the subjective element of the deliberate-indifference test. *Sams v. Franklin Cnty., Ohio*, No. 2:19-CV-05330, 2022 WL 769529, at *3 (S.D. Ohio Mar. 14, 2022) ("Only if a prisoner proves this objective element must courts consider the second . . . part of the deliberate-indifference test.") (citing *Phillips*, 14 F.4th at 535). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Eighth Amendment claims against Defendants Rumer and Gill for failure to state a claim upon which relief may be granted.[4]

---

[4] Plaintiff includes a conclusory allegation that Defendants Rumer and Gill delayed her medical care due to her release date. (Am. Compl. at PageID 284.) This fails to meet the pleading standard. A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and quotations omitted).

9

### b. Fourteenth Amendment Equal Protection Claim

The Undersigned finds that Plaintiff's Fourteenth Amendment equal protection claim should be dismissed. The Equal Protection Clause "'prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference.'" *Anders v. Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021) (quoting *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.*, 430 F.3d 783, 788 (6th Cir. 2005)). In short, the Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike" under the law. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).

The entirety of Plaintiff's Fourteenth Amendment claim is as follows: "14th Amendment Equal Protection because the plaintiff is transgender and non-transgender receive Treatment yet the plaintiff and other transgenders has been denied. Is in violation of the 14th Amendment Of the United States Constitution[.]" (Am. Compl. at PageID 284 (as in original).) As Defendants note, Plaintiff's Amended Complaint is devoid of factual allegations relating to her Fourteenth Amendment claim. (Mot. at PageID 471.) This claim is nothing more than a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and quotation omitted). Plaintiff's single conclusory statement is insufficient to state a claim upon which relief may be granted. Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Fourteenth Amendment claim against Defendants Rumer and Gill.

### B. 42 U.S.C. § 2000dd

The Undersigned finds that Plaintiff's claim pursuant to 42 U.S.C. § 2000dd must be dismissed. Section 2000dd provides: "No individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject

to cruel, inhuman, or degrading treatment or punishment." 42 U.S.C. § 2000dd. Plaintiff alleges that Defendants Rumer and Gill violated 42 U.S.C. § 2000dd by denying her requests for hormone therapy. (Am. Compl. at PageID 285.) As Defendants note, this statute does not apply to Plaintiff because her allegations in the Amended Complaint make it clear that she was in the custody of the State of Ohio, not the United States Government. (Mot. at PageID 506; Am. Compl. at PageID 283.) Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims under 42 U.C.S. § 2000dd against Defendants Rumer and Gill for failure to state a claim upon which relief may be granted.

### C. O.R.C. § 5120.051

The Undersigned recommends that the Court dismiss Plaintiff's claim pursuant to O.R.C. § 5120.051. Plaintiff alleges that Defendants Rumer and Gill violated § 5120.051 because they did not meet her needs by denying her hormone therapy. (Am. Compl. at PageID 285.) Defendants' nominal argument to dismiss this claim is unpersuasive. (Mot. at PageID 474.) The Undersigned, however, recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's purported state law claim because the Undersigned recommends that all of Plaintiff's federal claims be dismissed. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well") (internal quotations omitted). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claim pursuant to O.R.C. § 5120.051 **without prejudice**.

### D. 42 U.S.C. § 12132

The Undersigned concludes that Plaintiff fails to state a claim under 42 U.S.C. § 12132. Plaintiff alleges that Defendant Rumer denied her second request for hormone therapy based on her intellectual disability in violation of 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA"). (Am. Compl. at PageID 285.) Plaintiff's ADA claim, however, is merely an Eighth

11

Amendment deliberate indifference claim in another statutory guise. As Defendants note, neither medical treatment decisions nor medical malpractice may form the basis of a claim under the ADA. *Gimbrone v. Krisher*, No. 2:12-cv-251, 2013 WL 1438024, at *6 (S.D. Ohio Apr. 9, 2013) (citing *Baldrige-El v. Gundy*, No. 99-2387, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000)). Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claim under 42 U.S.C. § 12132 for failure to state a claim upon which relief may be granted.

### E. Unconstitutional Policy Claim

The Undersigned finds that Plaintiff's claim that the Policy is unconstitutional should be dismissed. Plaintiff alleges that the Policy is unconstitutional because it allows staff to deny transgender individuals proper treatment, including Plaintiff. (Am. Compl. at PageID 283, 286.) Plaintiff asserts that Defendant Chambers-Smith is the only individual who can change or remove the Policy. (*Id.* at PageID 286.) Defendants interpret this claim as a Fourteenth Amendment equal protection claim and reiterate their previous arguments. (Supp. Mot. at PageID 507–08.)

Construing Plaintiff's Amended Complaint liberally, it appears that Plaintiff is alleging a *Monell* claim under § 1983, i.e., "that [an] official policy is responsible for a deprivation of her rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). "To prevail on a *Monell* claim, Plaintiff must show (1) that [she] suffered a constitutional violation and (2) that an institutional policy or custom directly caused the violation." *Bethel v. Jenkins*, No. 2:15-CV-3016, 2019 WL 917122, at *3 (S.D. Ohio Feb. 25, 2019) (citing *Monell*, 436 U.S. at 690–92) (subsequent history omitted). As discussed above, Plaintiff fails to plausibly plead that she suffered a constitutional violation. The Court, therefore, need not consider the second factor.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claim against Defendant Chambers-Smith that the Policy is unconstitutional.[5]

## IV.     CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **GRANT in part** Defendants' Motions to Dismiss.  (ECF Nos. 60, 64.)  The Undersigned **RECOMMENDS** that the Court **DECLINE** to exercise supplemental jurisdiction and **DISMISS** Plaintiff's claim pursuant to O.R.C. § 5120.051 **without prejudice**.  The Undersigned **RECOMMENDS** that the Court **DISMISS** the rest of Plaintiff's Amended Complaint **with prejudice**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report,

---

[5] Plaintiff also seeks injunctive relief based on this claim.  (Am. Compl. at PageID 286.) Plaintiff's request for injunctive relief is moot because she has been released from incarceration. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (request for injunction mooted by the plaintiff's release from prison).

13

which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

| | |
|---|---|
| **Date:  September 8, 2025** | /s/ *Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |